UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JEFFREY P. CHRISTMAN

VS.                                    :        NO. 3:02CV1405 (CFD)

TROOPER KICK (#0811)                   :        NOVEMBER 20, 2003

## PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT

*I*    *RESPONSES TO DEFENDANT'S CLAIMS OF FACT:*

    1. Agree.

    2. Agree.

    3. Disagree with any implication that the plaintiff participated in any such events. (Plaintiff's affidavit) Agree that on the said date the plaintiff was operating a motor vehicle on Interstate Highway 95, near Exit 26, when he was subjected to unprovoked taunting and harassment by another motorist.

    4. Disagree. (Plaintiff's affidavit)

    5. Agree.

    6. Agree.

    7. Agree.

    8. Disagree. (Plaintiff's affidavit)

    9. Disagree. (Ibid.)

10.  Disagree.  (Ibid.)

11.  Plaintiff has no knowledge.

12.  Agree that defendant issued citations to both.  Otherwise, disagree.
(Plaintiff's affidavit)

13.  Agree that plaintiff was charged with reckless driving.  Otherwise
disagree.  (Plaintiff's affidavit)

14.  Agree that defendant charged McMahon only with the much less serious
infraction of following too closely and that defendant refused to charge McMahon
with the crimes he had committed, such as threatening, harassment and reckless
driving.  (Plaintiff's affidavit)

15.  Agree.

## II    PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1.  On the afternoon of April 10, 2000, the plaintiff was lawfully operating a
motor vehicle on Interstate Highway 95 westbound near Exit 26.  He was fully
complying with all applicable laws and regulations.  Without any reason or
explanation, he was subjected to verbal taunting and harassment by a truck driver
named Layman J. McMahan of Fort Payne, Alabama.  McMahan thereupon
rammed his truck into the rear of the plaintiff's vehicle.  (Plaintiff's affidavit ¶ 3)

2.  The defendant was a Connecticut State Trooper.  He arrived at the scene
and investigated the aforesaid incident and confirmed by physical evidence that in

fact the truck of McMahan had struck the rear bumper of the plaintiff's vehicle. McMahan admitted doing so, but denied doing so intentionally. The plaintiff fully explained the facts of what had taken place. The defendant thereupon charged the plaintiff with the offense of reckless driving, a very serious offense. He charged McMahan with only a minor infraction, however. (Id. ¶ 4)

3. The defendant knew that the plaintiff was not guilty of the crime of reckless driving and he further knew that McMahan was in fact guilty of such crime. (Ibid.)

4. As a result of the actions of the defendant described above, the plaintiff was charged as a criminal, was required to post a bail bond to obtain his release from imprisonment, was required to appear numerous times in the Superior Court at Bridgeport as such, was required to expend money to retain the services of criminal lawyers to defend himself against the said false accusation, and was caused to suffer emotional distress. (Id. ¶ 5)

5. On or about February 4, 2002, an Assistant State's Attorney in the Superior Court at Bridgeport nolled the aforesaid false charge. (Id. ¶ 6)

6. The plaintiff did not state that he had applied his brakes several times in any improper manner whatsoever and the plaintiff did not cause McMahan to strike the rear of his vehicle. (Id. ¶ 7)

7. The plaintiff was not uncooperative with the defendant, he did not refuse to answer any of his questions, and he did not "only partially" answer any of his questions. (Ibid.)

8. The defendant had absolutely no legal basis whatsoever for charging the plaintiff with reckless driving. (Ibid.)

THE PLAINTIFF

BY: _____

JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com
His Attorney

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Matthew B. Beizer, Esq., Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105.

_____

JOHN R. WILLIAMS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JEFFREY P. CHRISTMAN                     :

VS.                                      :          NO. 3:02CV1405 (CFD)

TROOPER KICK (#0811)                     :          NOVEMBER 20, 2003

### PLAINTIFF'S AFFIDAVIT

STATE OF CONNECTICUT        )
                            )     SS:          New Haven
COUNTY OF NEW HAVEN         )

    JEFFREY P. CHRISTMAN, having been sworn, states

    1.  I am the plaintiff in the captioned case and I make this affidavit on the basis of my personal knowledge.

    2.  I am over the age of 21 and I reside in West Haven, Connecticut

    3.  On the afternoon of April 10, 2000, I was lawfully operating a motor vehicle on Interstate Highway 95 westbound near Exit 26. I was fully complying with all applicable laws and regulations. Without any reason or explanation I was subjected to verbal taunting and harassment by a truck driver named Layman J McMahan of Fort Payne, Alabama. McMahan thereupon rammed his truck into the rear of my vehicle.

4.  The defendant was a Connecticut State Trooper. He arrived at the scene and investigated the aforesaid incident and confirmed by physical evidence that in fact the truck of McMahan had struck the rear bumper of my vehicle. McMahan admitted doing so, but denied doing so intentionally. I fully explained the facts of what had taken place. The defendant thereupon charged me with the offense of reckless driving, a very serious offense. He charged McMahan with only a minor infraction, however. The defendant knew that I was not guilty of the crime of reckless driving and he further knew that McMahan was in fact guilty of such crime.

5.  As a result of the actions of the defendant described above, I was charged as a criminal, was required to post a bail bond to obtain my release from imprisonment, was required to appear numerous times in the Superior Court at Bridgeport as such, was required to expend money to retain the services of criminal lawyers to defend myself against the said false accusation, and was caused to suffer emotional distress.

6.  On or about February 4, 2002, an Assistant State's Attorney in the Superior Court at Bridgeport nolled the aforesaid false charge.

7.  I have read the defendant's affidavit dated October 31, 2003 and it is false in several material respects. Contrary to his claim, I did not state that I had applied my brakes several times in any improper manner whatsoever and I did not cause McMahon to strike the rear of my vehicle. I was not uncooperative with the

defendant, I did not refuse to answer any of his questions, and I did not "only

partially" answer any of his questions. The defendant had absolutely no legal basis

whatsoever for charging me with reckless driving

REY P. CHRISTMAN

Subscribed and sworn to before me this 20th day of November, 2003

Commissioner of the Superior Court